IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 2, 2016

STATE OF TENNESSEE v. PRESTON RASHAD ROYAL

Appeal from the Circuit Court for Madison County
No. 1532     Donald H. Allen, Judge

_____

No. W2015-01334-CCA-R3-CD  -  Filed April 12, 2016

_____

Defendant, Preston Rashad Royal, pled guilty to thirteen counts of burglary of an automobile and received an effective sentence of six years to be served on supervised probation after one year of confinement in the custody of the Tennessee Department of Correction ("TDOC").  Defendant argues that his sentence is illegal because it directly contravenes Tennessee Code Annotated section 40-35-122(a).  The State concedes error. We conclude that Defendant's sentence is illegal, vacate the judgments of the trial court, and remand the case for a new sentencing hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Reversed and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

George Morton Googe, Public Defender, and Gregory D. Gookin, Assistant Public Defender, for the appellant, Preston Rashad Royal.

Herbert H. Slatery III, Attorney General and Reporter; Meredith Devault, Assistant Attorney General, Senior Counsel; Jerry Woodall, District Attorney General; and Brian M. Gilliam, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On May 4, 2015, Defendant pled guilty to thirteen counts of burglary of an automobile, a Class E felony. T.C.A. § 39-14-402(d). For each conviction, the trial court imposed a sentence of two years to be suspended to supervised probation after four months in the custody of TDOC. Three of the convictions were run consecutively to each other but the remaining convictions were run concurrently, resulting in an effective sentence of six years to be served on probation after one year in confinement. At the sentencing hearing, Defendant raised an objection to the legality of the sentences, which was overruled by the trial court. He then filed a timely appeal to this Court.

Defendant argues that his sentences are illegal because they contravene Tennessee Code Annotated section 40-35-122(a), which provides:

> [T]he judge sentencing a defendant who commits a non-violent property offense, as defined in subsection (c) . . . shall not be authorized to impose the sentencing alternatives of continuous confinement in a local jail or the department of correction as authorized by § 40-35-104(c)(5), (c)(6), or (c)(8). However, the judge may sentence the defendant to any of the other sentencing alternatives authorized by § 40-35-104(c), which include, but are not limited to, periodic confinement, work release, community corrections, probation, or judicial diversion.

Subsection (c) of that statute classifies burglary of an automobile as a non-violent property offense, which means that the only sentences available for Defendant were those authorized by Section 40-35-104(c). Defendant did not qualify for any of the exceptions to this statutory provision. *See* T.C.A. § 40-35-104(b).

Defendant contends that the four-month portion of his sentences to be served in the custody of TDOC are not authorized by Section 40-35-122(a) because those four months constitute continuous confinement. He relies on *State v. Astin D. Hill*, No. W2012-02147-CCA-R3-CD, 2014 WL 683892, at *4-5 (Tenn. Crim. App. Feb. 19, 2014), *no perm. app. filed*, in which this Court held that denial of alternative sentencing for burglary of an automobile violated Section 40-35-122(a), where the statutory exceptions were inapplicable to the defendant. The State concedes that Defendant's sentences violate the statute, and we agree. Section 40-35-122(a) specifically and unequivocally omits the three continuous confinement provisions of Section 40-35-104(c) from the sentences available for a non-violent property offender. Accordingly, the portion of Defendant's split sentences that the trial court ordered to be served by four months of continual confinement was not authorized by statute and is illegal. *See, e.g.*, *State v. Devon Elliot Cruze*, No. E2014-01847-CCA-R3-CD, 2015 WL 5064070, at *4 (Tenn. Crim. App. Aug. 27, 2015) (concluding that the defendant's sentence of

continuous confinement for sixty days with the balance on probation violated Section 40-35-122(a)), *no perm. app. filed*.

Because Defendant's sentences violate Tennessee Code Annotated section 40-35-122(a), the judgments of the trial court are vacated, and this case is remanded for a new sentencing hearing, after which the trial court shall impose a legal sentence authorized by our sentencing statutes.

_____
TIMOTHY L. EASTER, JUDGE